# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
) Case No. 21-sw-708-MEH
A Cell-Site Simulator to Locate the Cellular )
Device Assigned Call Number 720-809-1384. )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A attached hereto and hereby incorporated by reference.

located in the  State and  District of  Colorado , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B attached hereto and hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(6) & § 924 (a)(2) | Making a false statement in connection with the acquisition of a firearm from a licensed dealer |

The application is based on these facts:

See Affidavit attached hereto and hereby incorporated by reference.

☑ Continued on the attached sheet.

☑ Delayed notice of _____ days (give exact ending date if more than 30 days: 09/11/2021 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/ Timothy Pine*
*Applicant's signature*

Timothy Pine, SA, ATF
*Printed name and title*

☑ Sworn to before me and submitted, attested to, and acknowledged by reliable electronic means

☐ Sworn to before me and signed in my presence.

Date: 06/29/2021

*Michael E. Hegarty*
*Judge's signature*

City and state: Denver, CO

Michael E. Hegarty, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 720-809-1384 whose wireless provider is Metro PCS.

## ATTACHMENT B

### Particular Things to be Seized

Pursuant to an investigation of Gregory PORTER for violations of 18 U.S.C. §§ 922(a)(6) & 924(a)(2) and § 2, and who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular devices for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular devices in response to radio signals sent to the cellular devices by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Timothy Pine, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number 720-809-1384 which is described in Attachment A.

2. I, Timothy Pine, am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, Denver, Colorado. I am an investigative or law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7), that is an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated by statute in the United States Code, and the Colorado Statutory Code. I am authorized under the Federal Rules of Criminal Procedure, Rule 41(a)(1)(C) as a Federal law enforcement officer who is engaged in enforcing the criminal laws, and am within any category of officers authorized by the Attorney General to request a search warrant.

3. I have been an ATF SA since March 2014. My primary duties consist of enforcing federal firearms laws and conducting investigations involving violent crime, to include shootings and homicides. My duties routinely include investigating and participating in investigations involving armed and violent gang members and conspiracies among gang members to commit shootings and other violent crime. Prior to becoming a SA, I was employed as a police officer by the Wichita Police Department in Wichita, Kansas from 2011 until 2014. I assisted in the investigation and apprehension of individuals involved in state and federal

criminal acts. Prior to a career in law enforcement, I received a bachelor's degree in criminal justice from Metropolitan State College of Denver and a master's degree in leadership with a specialization in human resources from Colorado State University.

4. During my law enforcement career, I have authored search warrants and arrest warrants, production of records requests, and requested court orders for all matters of evidence, including but not limited to, real property, vehicles, persons, electronic data, cellular phone data, and biological evidence.

5. I have investigated shootings, attempted murders, homicides home invasion robberies, and other significant violent crimes in this capacity and routinely utilizes search warrants (for cellular call detail records, pen register/trap and trace, social media accounts, etc.) as an investigative tool, when appropriate.

6. As an ATF Special Agent, I am familiar with federal criminal laws pertaining to the purchase of firearms. According to 18 U.S.C. § 2, whoever aids, abets, counsels, commands, induces or procures the commission of an offense against the United States is punishable as a principal. I also know that it is a violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) to knowingly make a false statement in connection with the acquisition of the firearm from a licensed dealer with the intent to deceive the dealer as to any fact material to the lawfulness of the sale

7. Based on the facts set forth in this affidavit, there is probable cause that Gregory PORTER has committed violations of 18 U.S.C. § 2 and §§ 922(a)(6) & 924(a)(2) and that PORTER is in possession of the TARGET CELL PHONE. There is also probable cause to believe that the TARGET CELL PHONE will assist law enforcement in arresting PORTER, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

8.      I have obtained the facts set forth in this affidavit through my personal participation in the investigation described below, from oral and written reports of other law enforcement officers participating in this and related investigations, and from records, documents and other evidence obtained during this investigation. Due to the limited scope of this affidavit, I have not included every fact know concerning this investigation. I have set forth only the facts that I believe are essential to establish that probable cause exists.

9.      One purpose of applying for this warrant is to determine with precision the TARGET CELL PHONE's location. There is reason to believe the TARGET CELL PHONE ais currently located within this District based on my investigation, as detailed below, specifically that Gregory PORTER's known residence is in Colorado, and I spoke with him using the TARGET CELL PHONE number.

10.     Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

### **SUMMARY OF THE INVESTIGATION**

11.     On July 3, 2018, Shawntrese CAMPBELL purchased a Glock, model 23, .40 caliber semi-automatic pistol with serial number PKF275 from High Noon Armory at 19499 East Brown Drive Aurora, Colorado 80013. The dealer stated that two (2) black males were with CAMPBELL.

12.     On July 5, 2018, CAMPBELL returned to High Noon Armory and purchased a Walther, model PPS, 9mm semi-automatic pistol with serial number AM2981 and a Wyoming

3

Arms, model Parker, 10mm semi-automatic pistol with serial number AO6931. The dealer said the same two (2) black males were with her from July 3, 2018. The dealer later identified Russell DAVIS and Jamal BLAYLOCK as the individuals with CAMPBELL that day. The dealer also added that CAMPBELL appeared nervous and did not appear to know much about what she was buying.

13. One (1) day after the purchase of the firearms, on July 6, 2018, the Glock, Walther, and Wyoming Arms firearms were recovered from Russell DAVIS and Gregory PORTER (07/06/1999). According to the Aurora Police Department report, DAVIS was in possession of the Glock and PORTER was in possession of the other two (2) firearms. Specifically, officers were called out to an address in Aurora, Colorado for suspicious activity. When officers arrived, the contacted DAVIS and PORTER inside a vehicle with the doors open. A firearm was visible in the vehicle. PORTER was arrested for being a felon in possession of a firearm and DAVIS was arrested for being under the influence of alcohol while in possession of firearm. All three (3) firearms were located in the vehicle.

14. When CAMPBELL was interviewed on January 27, 2020, she said Gregory PORTER, Russell DAVIS, and Jamal BLAYLOCK were with her when she purchased the Glock 23, Walther PPS, and Wyoming Arms pistols. CAMPBELL said PORTER paid her an extra $50 on top of the purchase price to purchase the Glock and Wyoming Arms pistols. CAMPBELL indicated Walther pistol was purchased for her personal protection. CAMPBELL admitted that she lied on the ATF Form 4473 when she represented that she was the actual purchaser of the firearm, and that PORTER was the actual purchaser of the firearms. As noted above, the Wyoming Arms and Walther pistols were recovered on Gregory PORTER only one (1) day after the firearm was purchased by CAMPBELL. The Glock pistol was recovered on

Russell DAVIS only three (3) days after it was purchased by CAMPBELL.

15. On June 22, 2021, a grand jury returned an indictment charging PORTER with two counts of violating 18 U.S.C. § 2 and §§ 922(a)(6) & 924(a)(2). On June 22, 2021, I called PORTER's girlfriend, Sabrina Salgado-Cavazos, about a recent domestic violence incident in Denver, Colorado between PORTER and Salgado-Cavazos. Salgado-Cavazos said the incident was a misunderstanding and that she did not want PORTER to be in trouble for the incident. Salgado-Cavazos said PORTER's phone number was 720-809-1384. Phone number 720-809-1384 is attributed to Portillo Rodriguez through Metro PCS.

16. On June 23, 2021, I contacted phone number 720-809-1384. The male voice on the phone introduced himself as Greg Porter. I asked PORTER to meet with investigators to speak about the domestic violence incident on June 24, 2021. PORTER agreed to meet with investigators at his residence 1600 North Sable Boulevard #141 (Aurora, Colorado 80011). On June 24, 2021, PORTER did not answer investigators' calls and did not meet with investigators. Therefore, investigators were unable to arrest PORTER.

17. Investigators know that PORTER has access to firearms and has been contacted with firearms in the past. I know through this investigative, personal, and learned experiences that there is a strong possibility PORTER may be contacted by an unsuspecting law enforcement officer and has the potential to engage in a violent confrontation to avoid arrest. I also know that the ability to locate this individual with the cell-site simulator combined with information from Metro PCS will mitigate that imminent threat to law enforcement officers and members of the community that are present when he is contacted.

18. Because investigators do not have good location for PORTER, I believe that the authorization of this search warrant will enable me and other investigators to pinpoint a location

5

for PORTER that will allow investigators to arrest PORTER in the safest manner possible for investigators, as well as PORTER, and the general public.

## **MANNER OF EXECUTION**

19. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

20. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the TARGET CELL PHONE or receiving signals from nearby cellular devices, including the TARGET CELL PHONE. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the TARGET CELL PHONE and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the TARGET CELL PHONE and use that information to determine the TARGET CELL PHONE location, even if it is located inside a house, apartment, or other building.

21. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the TARGET CELL PHONE, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone

identifiers. The device will not complete a connection with cellular devices determined not to be the TARGET CELL PHONE, and law enforcement will limit collection of information from devices other than the TARGET CELL PHONE. To the extent that any information from a cellular device other than the TARGET CELL PHONE is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the TARGET CELL PHONE from all other cellular devices.

## AUTHORIZATION REQUEST

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

23. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until September 11, 2021. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the TARGET CELL PHONE would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth

above.  *See* 18 U.S.C. § 3103a(b)(2).  The requested date, which is 74 days as measured from the date of this application, is inclusive of: 14 days to permit execution of this warrant, the 30 day authorized period of monitored location information, and a 30 day initial delay of notification.

24.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Devices outside of daytime hours.

25.     A search warrant may not be legally necessary to compel the investigative technique described herein.  Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

*s/Timothy Pine*
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Submitted, attested to, and acknowledged by reliable electronic means before me on __29th__

_____
THE HON. MICHAEL E. HEGARTY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

**Reviewed and Submitted by Rajiv Mohan, Assistant United States Attorney.**

**To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I, Rajiv Mohan thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by the above agency. See 18 U.S.C. §§ 3122(b), 3123(b).**